**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**NOE RODRIGUEZ-RAMIREZ**                                        **PETITIONER**

**v.**                                   **CIVIL ACTION NO. 5:17-cv-115-DCB-MTP**

**STEPHEN D. JULIAN**                                        **RESPONDENT**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for a Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 filed by Noe Rodriguez-Ramirez.  Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be denied and this action be dismissed without prejudice.

### BACKGROUND

On March 11, 2014, Petitioner was sentenced in the United States District Court for the Western District of Arkansas for distribution of methamphetamine in violation of 21 U.S.C. § 841. *See* Petition [1].  At the time he filed his Petition, Petitioner was incarcerated at the Adams County Correctional Center ("ACCC").  Petitioner argues that he was wrongfully deprived of twenty-seven days of good-time credit as a result of a disciplinary action.  Petitioner argues that he was not provided due process and that the disciplinary hearing officer had no authority to discipline him.  Respondent filed a Response [14] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action.

### ANALYSIS

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49

1

(5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. § 542.10 *et seq.*, points out that the Bureau of Prisons ("BOP") has a multi-step administrative process for resolving prisoner complaints. The final step in the grievance process is an appeal to the BOP's Office of General Counsel. Respondent asserts that Petitioner failed to complete this process. Respondent points to Petitioner's administrative remedies records which show that on September 3, 2015, Petitioner's grievance was rejected as untimely. *See* ARP Records [15-3] at 3 (stating that Petitioner failed to submit his appeal within thirty days of his receipt of the disciplinary hearing officer's report). Respondent also points out that Petitioner did not appeal to the Officer of General Counsel.

Petitioner admits that he started the appeal process but did not complete the process. *See* Response [7] at 2. Petitioner confirms that his grievance was rejected as untimely. *Id*. Petitioner, however, argues that the administrative remedies at ACCC "rarely work." *Id*.

Petitioner also submitted affidavits from three of his fellow inmates at ACCC stating that the administrative remedies at ACCC rarely work. *See* Affidavits [7-1]. These inmates also mention instances when responses to grievances were delayed and complain that grievances are often rejected as untimely.

As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91; *see also Metrejean v. Upton*, 2012 WL 3288678, at * 3 (E.D. Tex. Mar. 27, 2012) ("Administrative remedies must be fully exhausted in a procedurally correct manner."); *Glaude v. Longley*, 2012 WL 5335296, at *2 (S.D. Miss. Oct. 1, 2012) ("an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal"). Petitioner did not comply with the BOP's administrative procedural rules.

Additionally, Petitioner has failed to demonstrate extraordinary circumstances for his failure to exhaust administrative remedies. *See Fuller*, 11 F.3d at 62. Petitioner's vague and conclusory assertion that the administrative remedies at ACCC "rarely work" does not demonstrate that the administrative remedies were unavailable or futile. *See Cole v. Upton*, 2012 WL 928312, at *3 (E.D. Tex. Feb. 22, 2012); *Brown v. Young*, 2009 WL 666945 at *3 (W.D. La. Feb. 3, 2009). The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Buckley v. Pearsons*, 2011 WL 3022539, at *1-2 (S.D. Miss. May 25, 2011); *Champkungsing v. United States*, 2010 WL 3120044 (S.D. Miss. Aug. 4, 2010); *Braddy v. Fox*, 2014 WL 3884251, at *2 (E.D. Tex.

Aug. 7, 2014). As Petitioner has failed to properly exhaust his administrative remedies, his Petition should be dismissed.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of habeas Corpus [1] be DENIED and that this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 26th day of December, 2019.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE