IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

NOE RODRIGUEZ-RAMIREZ                                              PETITIONER

VS.                                  CIVIL ACTION NO. 5:17-cv-115-DCB-MTP

STEPHEN D. JULIAN                                                  RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Report and Recommendation of United States Magistrate Judge Michael T. Parker (docket entry 18).

On August 30, 2017, Petitioner Rodriguez-Ramirez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (docket entry 1).  On March 11, 2014, he had been sentenced in the United States District Court for the Western District of Arkansas for distribution of methamphetamine in violation of 21 U.S.C. § 841.

At the time he filed his Petition, Petitioner was incarcerated at the Adams County Correctional Center ("ACCC").  Petitioner argues that he was wrongfully deprived of twenty-seven days of good-time credit as a result of a disciplinary action.  Petitioner

1

argues that he was not provided due process and that the disciplinary hearing officer had no authority to discipline him.

Respondent Stephen D. Julian filed a Response (docket entry 14) arguing, inter alia, that Rodriguez-Ramirez's Petition should be dismissed because he failed to exhaust his administrative remedies prior to filing this action.

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the Bureau of Prisons ("BOP"). Rourke v. R.G. Thompson, 11 F.3d 47, 49 (5th Cir. 1993); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); see also Herrera-Villatoro v. Driver, 269 Fed.App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." Broderick v. Chapman, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller, 11 F.3d at 62 (quoting Hessbrook v. Lennon, 777 F.2d 999,

2

1003 (5th Cir. 1985)).  A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review.  Id.

The Respondent, citing 28 C.F.R. § 542.10 et seq., points out that the BOP has a multi-step administrative process for resolving prisoner complaints.  The final step in the grievance process is an appeal to the BOP's Office of General Counsel.

Respondent asserts that Petitioner failed to complete this process.  Respondent points to Petitioner's administrative remedies records which show that on September 3, 2015, Petitioner's grievance was rejected as untimely.  See ARP Records [15-3] at 3 (stating that Petitioner failed to submit his appeal within thirty days of his receipt of the disciplinary hearing officer's report). The Respondent also points out that Petitioner did not appeal to the Officer of General Counsel.

The Petitioner admits that he started the appeal process but did not complete the process.  Petitioner confirms that his grievance was rejected as untimely; however, he also argues that the administrative remedies at ACCC "rarely work."  See Response [7] at 2.

Petitioner has also submitted affidavits from three of his fellow inmates at ACCC, stating that the administrative remedies at ACCC rarely work.  These inmates also mention instances when

3

responses to grievances were delayed, and they complain that grievances are often rejected as untimely.

As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 U.S. at 90-91; see also Metrejean v. Upton, 2012 WL 3288678, at * 3 (E.D. Tex. Mar. 27, 2012)("Administrative remedies must be fully exhausted in a procedurally correct manner."); Glaude v. Longley, 2012 WL 5335296, at *2 (S.D. Miss. Oct. 1, 2012) ("an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal"). Petitioner did not comply with the BOP's administrative procedural rules.

Additionally, Petitioner has failed to demonstrate extraordinary circumstances for his failure to exhaust administrative remedies. See Fuller, 11 F.3d at 62. The Petitioner's vague and conclusory assertion that the administrative remedies at ACCC "rarely work" does not demonstrate that the administrative remedies were unavailable or futile. See Cole v. Upton, 2012 WL 928312, at *3 (E.D. Tex. Feb. 22, 2012);

4

Brown v. Young, 2009 WL 666945 at *3 (W.D. La. Feb. 3, 2009).  The BOP should have an opportunity to consider the Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court.  See Buckley v. Pearsons, 2011 WL 3022539, at *1-2 (S.D. Miss. May 25, 2011); Champkungsing v. United States, 2010 WL 3120044 (S.D. Miss. Aug. 4, 2010); Braddy v. Fox, 2014 WL 3884251, at *2 (E.D. Tex. Aug. 7, 2014).  Inasmuch as the Petitioner has failed to properly exhaust his administrative remedies, his Petition must be dismissed without prejudice.

    Accordingly, the Court ADOPTS the Report and Recommendation of United States Magistrate Judge Parker, and DENIES Petitioner Rodriguez-Ramirez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  This action is therefore DISMISSED WITHOUT PREJUDICE.  A Final Judgment dismissing this case without prejudice shall follow.

    SO ORDERED, this the 14th day of May, 2020.

/s/ David Bramlette_____

UNITED STATES DISTRICT JUDGE